### MORAN v. UNITED STATES VETERANS' ADMINISTRATION.

### No. 12212.

United States District Court
E. D. Michigan, S. D.

Oct. 2, 1953.

James N. McNally, Detroit, Mich., for plaintiff.

Frederick W. Kaess, U. S. Dist. Atty., Willis F. Ward, Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

This is an action to recover the proceeds of an insurance policy insuring the life of one Robert J. Edmunds, pursuant to the provisions of the National Service Life Insurance Act, 38 U.S.C.A. §§ 801–817, in the principal amount of $10,000, being Policy No. N–8 737 107.

The parties hereto, at the commencement of trial, entered into a stipulation which reads as follows:

"Stipulation

–1–

" * * * That on October 24, 1950, the Plaintiff, John D. Edmunds, killed his mother, Minerva Edmunds.

–2–

"That thereafter, John D. Edmunds was duly examined by three psychiatrists appointed by the State Department of Mental Health; that the said psychiatrists filed their report on December 28, 1950, and that their finding was that the patient, John D. Edmunds, was psychotic; that he was unable to adequately aid and assist counsel in his own defense; that he did not adequately understand the nature of the charge pending against him and his relation to it.

–3–

"That thereafter, on January 19, 1951, a second commission was appointed, which reported on February 6, 1951 that John D. Edmunds was psychotic; that he was unable to adequately aid and assist counsel in his own defense; that he did not adequately understand the nature of the charge pending against him and his relation to it, and because of his mental illness.

–4–

"That thereafter, one of the Judges of the Recorder's Court did commit the said John D. Edmunds to the Hospital for the Criminally Insane at Ionia, Michigan, for a period of approximately twenty-seven months, and that in March of 1953, the superintendent of that hospital did declare John D. Edmunds of sound mind and cured of his mental illness, and subsequently, the said John D. Edmunds was returned to the Wayne County Jail for further disposition concerning the matricide case with which he had been charged.

–5–

"That thereafter, on the 15th day of April, 1953, the Recorder's Court for the City of Detroit, duly appointed three psychiatrists, and on May 18, 1953, that commission filed a report which read in part as follows:

" 'At the present time there is no evidence of psychosis. We find that the patient is oriented in all spheres in relationship to time, place and person as well as personal relationship to reality. * * * that he can aid and assist counsel. He adequately understands the nature of the charge pending against him and his relationship to it.'

–6–

"That thereafter, on August 10, 1953, John D. Edmunds did stand trial with relation to the matricide, and that at the trial of the cause at the Recorder's Court for the City of Detroit, the following doctors and psychiatrists testified in behalf of the Defendant: Dr. Albert J. Wallaert; Dr. Benjamin Marks; Dr. William H. Lyons; Dr. C. L. R. Pearman; Dr. Henry S. Brown; Dr. Linus Foster; Dr. Donald N. Sweeny, Jr.; and that each one of the said doctors and psychiatrists did express his opinion, based upon an examination of the Defendant, John D. Edmunds and an examination of the history material obtained with relation to John D. Edmunds.

–7–

That on August 20, 1953, a jury did find that the Defendant was not guilty of the crime of murder by reason of insanity.

-8-

"That the following day, a hearing was had in the Recorder's Court for the City of Detroit, in which it was determined that John D. Edmunds had been cured of the mental illness he had been suffering, and he was discharged as a defendant."

Findings of Fact

1. That National Service Life Insurance Policy No. N–8 737 107 was issued heretofore on the life of Robert J. Edmunds, which said policy of insurance is the subject of this suit.

2. That pursuant to the terms of said policy of insurance Minerva J. Edmunds, the mother of Robert J Edmunds, was named as the principal beneficiary thereunder, and John D. Edmunds, Sr., the father of Robert J. Edmunds, was named as contingent beneficiary thereunder.

3. That on the 9th day of January, A. D. 1945, while the aforesaid policy was in full force and effect, the said Robert J. Edmunds lost his life while a member of the Armed Services of the United States of America.

4. That thereafter, and until the time of the death of Minerva J. Edmunds, there was paid to her a total of $3,805.60, in seventy-one payments of $53.60 and that there remains unpaid the sum of $6,104.40.

5. That the said Robert J. Edmunds and the said John D. Edmunds, Jr., plaintiff ward herein, were the only children of the said John D. Edmunds, Sr., and Minerva J. Edmunds.

6. That the said Minerva J. Edmunds, the principal beneficiary under the aforesaid policy, and John D. Edmunds, Sr., the contingent beneficiary thereunder, are now deceased, the said John D. Edmunds, Sr., having died during the year 1948.

7. That the said Minerva J. Edmunds met her death on the 24th day of October, A. D. 1950, at the hands of John D. Edmunds, Jr., the plaintiff ward herein.

8. That the said John D. Edmunds, Jr., was insane for at least two years prior to October 24, 1950, was insane on the 24th day of October, 1950, at the time he killed his mother, and was not adjudicated restored to sanity until August 21, 1953.

Conclusions of Law

1. That the said John D. Edmunds, Jr., plaintiff ward herein, was insane on the 24th day of October, A. D. 1950, at the time he killed his mother.

2. That by reason of said insanity John D. Edmunds, Jr., was not legally responsible for the consequences of his act and was not thereby deprived of his right to such benefits as might accrue to him upon the death of his mother, Minerva J. Edmunds, under the aforesaid policy of insurance.

3. That the said John D. Edmunds, Jr., plaintiff ward herein, is the only person remaining within that class of persons who might receive benefits under the aforesaid policy pursuant to the provisions of the National Service Life Insurance Act, 38 U.S.C.A. §§ 801–817.

Wherefore:

It is Ordered and Adjudged that a judgment be, and the same hereby is entered in favor of the said plaintiff and against the said defendant, for the remainder of the benefits under the said policy of insurance No. N–8 737 107, the subject of this suit, together with all interest and/or benefits due or to become due thereunder.

It is further ordered and adjudged that the Veterans' Administration pay to James N. McNally, attorney for said plaintiff, ten per cent of all sums paid on said judgment as his attorney fees in said cause, said fees to be deducted from the amount payable to the plaintiff hereunder.